**SO ORDERED.**

**SIGNED this 15 day of April, 2010.**

                                                                 _Stephani W. Humrickhouse_
                                                                **Stephani W. Humrickhouse**
                                                              **United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **TP, INC.** | **10-01594-8-SWH** |
| **DEBTOR** | |

**ORDER ALLOWING APPLICATION TO EMPLOY ATTORNEY**

The matter before the court is the application filed by the debtor for authorization to employ David J. Haidt of Ayers & Haidt, P.A., as attorney for the debtor in this chapter 11 proceeding. A hearing took place in Raleigh, North Carolina on April 6, 2010.

TP, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on March 1, 2010. Prior to filing the petition, the debtor engaged attorney David J. Haidt and members of his firm to represent it concerning the chapter 11 filing. Pursuant to the engagement letter dated February 25, 2010 and signed by the debtor's principal on that date, instead of payment of a pre-petition retainer, the debtor agreed to pay attorney's fees and costs from the sale of an approximately 45-acre tract of property located in Pender County (the "Subject Property") titled in the name of HP, Inc.[1] A future advances promissory note in favor of Ayers & Haidt, P.A. in the maximum amount of $150,000 was executed by the debtor and secured by a future advances deed of trust on the Subject Property to

---

[1] Ronald S. Bryant, president of the debtor, is also president of HP, Inc.

evidence the agreement of the parties. The Subject Property previously belonged to the debtor but had been transferred to HP, Inc, and is subject to a mechanic's lien of approximately $43,000 and a lis pendens filed by Bank of America, together with any unpaid tax assessments.[2] The property is currently listed for sale, with an estimated market value of $3,000,000, which the debtor contends will be sufficient to fund all known administrative, priority, and unsecured claims (excluding any deficiency claim that may be owed to Bank of America).

Debtor's counsel has also disclosed that prior to the petition date, he and his firm incurred attorney's fees totaling $5,578.50 and expenses totaling $60.80 in their representation of the debtor and that those sums remained unpaid on the petition date.

The bankruptcy administrator requests that the court deny the application to employ Mr. Haidt as chapter 11 counsel because Haidt is not a "disinterested person" under 11 U.S.C. § 327(a) and he represents an interest adverse to the estate. According to the bankruptcy administrator, the existence of a pre-petition claim owing to Haidt precludes him from being disinterested. Furthermore, the bankruptcy administrator asserts that the granting of a lien on the Subject Property to secure debtor's counsel's fees constitutes a conflict of interest. Based on the ownership history of the Subject Property, the bankruptcy administrator characterizes the transfer of the Subject Property from TP, Inc. to HP, Inc. as a potentially fraudulent conveyance, setting the stage for a conflict if Mr. Haidt is allowed to retain the deed of trust while having a fiduciary duty to address the propriety of the transfer. At the hearing, Mr. Haidt acknowledged the questionable nature of the transfer and indicated that debtor intends to turn over the property to the estate in order to remove the conflict. Mr. Haidt has also offered to waive any pre-petition claims against the estate if the

---

[2] The property transfer occurred prior to the debtor's engagement of Mr. Haidt.

court determines they affect his disinterested status. Nevertheless, the bankruptcy administrator maintains her objections and questions the need for a deed of trust on the Subject Property if there would be sufficient value to pay counsel fees from its liquidation as an administrative cost.

## Discussion

Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).[3] Section 101(14) defines "disinterested person," in pertinent part, as one who "is not a creditor." 11 U.S.C. § 101(14)(A). The court must therefore determine whether Mr. Haidt's pre-petition claim for attorney's fees results in his being an "interested person" and whether the deed of trust taken in the Subject Property to secure his fees creates an interest adverse to the estate, such that he would be precluded from serving as debtor's counsel.

A.   The Pre-Petition Claim for Attorney's Fees and Expenses

Mr. Haidt represents that the legal services provided to the debtor prior to filing the petition were primarily focused on determining the effect of bankruptcy on encumbered property of the debtor and on preparing the petition. Because the debtor has not paid the fees incurred pre-petition for Haidt's legal services and related expenses, Haidt has a pre-petition claim in the amount of $5,639.30. By virtue of this claim, Haidt is a creditor of the estate. This would normally disqualify Haidt under § 327(a) from serving as debtor's counsel because it would render him an "interested party." Haidt has advised the court that he is willing to waive his claim if necessary to qualify for employment. However, Haidt contends that the court, in its discretion, may allow him to retain a

---

[3] Although this section refers to the "trustee's duties," those duties also apply to debtors in possession. 11 U.S.C. § 1107(a).

claim for pre-petition fees that relate to the bankruptcy filing, such that Haidt would only need to waive those fees that do not relate specifically to the bankruptcy filing to comply with the disinterestedness requirement. In support of this position, Haidt cites a prior decision of this district, In re Duffus, Case No. 05-03886-8-JRL (Bankr. E.D.N.C. 2005). In Duffus, the court explored the debtor's assertion that a pre-petition claim for professional fees is not required to be waived if the services at issue are rendered "in contemplation of the chapter 11 filing." Id. at 4. The court determined that the case law of this district and the Fourth Circuit suggests that courts have some leeway when considering a claim for attorney's fees that are strictly related to the debtor's bankruptcy case, because "[t]o preclude an attorney from appointment simply because he assisted the debtor in preparing its bankruptcy petition and accompanying papers seems quite absurd and somewhat contrary to the intentions of § 327." Id. at 6 (citing In re Watson, 94 B.R. 111, 114 (Bankr. S.D. Ohio 1988)). The court held that

> when approving an application for employment, any pre-petition debt must be relatively modest, traceable temporally to a short period of time before filing, and confined to activities surrounding the preparation of the petition and accompanying papers – the bare-bone, routine, and necessary services for filing.

Duffus at 7. Viewed against this backdrop, and in light of Haidt's willingness to waive any fees that were not incurred in contemplation of the bankruptcy filing, the existence of Haidt's pre-petition claim for attorney's fees and expenses does not automatically deem him "interested" for purposes of § 327(a). In order to be deemed "disinterested" with respect to his pre-petition claim, however, Haidt must waive the fees and expenses that fall outside the limited category of fees described above.

B.     The Deed of Trust in the Subject Property

The issue of whether a conflict is presented by the deed of trust taken in the Subject Property to secure counsel's fees remains. The bankruptcy administrator contends, and Mr. Haidt agrees, that the circumstances of the property transfer would potentially subject the conveyance to an avoidance action under § 548. It would therefore be entirely improper for Mr. Haidt to hold a deed of trust in the Subject Property under its current ownership status, while at the same time serving as counsel for the debtor. Such conflicting interests would undoubtedly disqualify Haidt from serving as chapter 11 debtor's counsel under § 327(a).

The debtor, however, has indicated that it plans to turn over the Subject Property to the estate. The court must therefore determine whether, upon return of the property to the estate, chapter 11 debtor's counsel may hold a security interest in property of the debtor to secure fees incurred over the course of representation. Although the court did not find any Fourth Circuit cases directly on point, the First Circuit has answered this question affirmatively. See In re Martin, 817 F.2d 175 (1st Cir. 1987). In Martin, the court found that a mortgage on the debtors' real estate in favor of the debtors' attorney was not per se invalid, but rather required examination by the bankruptcy court as to whether "a potential conflict, or the perception of one, renders the lawyer's interest materially adverse to the estate or the creditors." Id. at 182. According to the Martin court, the "full panoply of events and elements" should be considered, including, but not limited to:

> the reasonableness of the arrangement and whether it was negotiated in good faith, whether the security demanded was commensurate with the predictable magnitude and value of the foreseeable services, whether it was a needed means of ensuring the engagement of competent counsel, and whether or not there are telltale signs of overreaching. The nature and extent of the conflict must be assayed, along with the likelihood that a potential conflict might turn into an actual one. An effort should be made to measure the influence the putative conflict may have in subsequent decisionmaking. Perceptions are important; how the matter likely appears to

5

>creditors and to other parties in legitimate interest should be taken into account. There are other salient factors as well: whether the existence of the security interest threatens to hinder or to delay the effectuation of a plan, whether it is (or could be perceived as) an impediment to reorganization, and whether the fundamental fairness of the proceedings might be unduly jeopardized (either by the actuality of the arrangement or by the reasonable public perception of it).

Id.  As the Martin court notes, this method of analysis is in keeping with the historically broad discretion granted to bankruptcy courts in connection with fact-intensive matters, and with regard to the particulars of the engagement of professionals.  Id.  (Citations omitted.)

This court finds that the propriety of a security arrangement in favor of chapter 11 debtor's counsel should be determined on a case-by-case basis.  Turning to the facts of the matter at hand, the debtor agreed to grant his attorney a deed of trust on the Subject Property to secure fees and expenses to be incurred during the chapter 11 case because it did not have funds to provide a cash retainer.  The arrangement appears to be reasonable and to have been negotiated in good faith in that it allowed an entity to file for bankruptcy protection despite lacking adequate funds for legal services at the time it sought protection.  Engagement of competent chapter 11 counsel requires adequate funding.  The amount of the future advances note appears appropriate when viewed against the foreseeable fees in the case.  The bankruptcy administrator has not voiced any objection to the amount of the note or lien and there are no indications of overreaching.  Although the debtor owns a considerable amount of real estate, much of it is subject to deeds of trust held by a financial institution. The Subject Property was not encumbered by such liens and constitutes the only property in which equity exists.[4]  Equally important, the debtor believes that the Subject Property has

---

[4]These facts stand in contrast to those of a recent case in which an objection to the appointment of counsel was sustained based on the nature of a security interest in favor of counsel.  See In re Successor Borrower Services, LLC, 2010 Bankr. LEXIS 767 (Bankr. W.D.N.Y. Mar. 5, 2010) (holding that a security interest on all core assets of the debtor would affect every aspect of the debtor's operations, resulting in a potential conflict between the interests of the debtor and its counsel).

sufficient equity to satisfy all administrative claims arising during the bankruptcy and all known unsecured claims, except for any deficiency claim asserted by Bank of America. It is the intent of the debtor to fund its chapter 11 case through the marketing and sale of the Subject Property, and therefore, the existence of the security interest will not impede the reorganization process. Counsel has clearly and fully disclosed his arrangement with the debtor, and has offered to rewrite his contract with the debtor to comply with the court's determination.

The bankruptcy administrator questions the necessity of the security interest if the Subject Property is brought back into the estate and liquidated since the proceeds should be sufficient to pay administrative costs in full. The bankruptcy administrator's argument certainly has validity if a successful reorganization could be guaranteed. Such guaranty is not possible. Furthermore, the debtor and counsel agreed to pay and secure counsel's fees whether or not a plan is confirmed in the case.[5] Therefore, the bargained for lien will ensure payment if the case is dismissed. In sum, the court finds that the facts of this case weigh in favor of allowing debtor's counsel to secure his fees with a deed of trust on the Subject Property, under certain conditions.

Specifically, the Subject Property must be reconveyed to the estate immediately. This can be accomplished through the initiation of an adversary proceeding, acceptance of service and consent judgment. Secondly, given that the deed of trust was granted in property that the debtor conveyed in a potentially improper manner to the current owner, and that counsel had knowledge of the transfer at the time the deed of trust was executed, retention of the pre-petition security interest in the Subject Property might expose the security interest to attack by creditors and place debtor's counsel in a conflict position. Therefore counsel must release the pre-petition deed of trust

---

[5] See Letter Agreement attached to Application for Employment of Attorney.

either prior to or simultaneously with the turn over of the property to the estate so that the property can come into the estate encumbered by only the mechanic's lien and lis pendens. Once the property is titled in the debtor, free and clear of counsel's pre-petition deed of trust, the court will approve the granting of a post-petition deed of trust on the Subject Property in an amount not to exceed $150,000 to secure counsel's chapter 11 fees. Finally, and as noted in Section A, above, Mr. Haidt is directed to submit, within 10 days, an itemized explanation of pre-petition unpaid fees directly related to or in contemplation of the chapter 11 filing, along with an explicit waiver of any fees or expenses that were not incurred in contemplation of the bankruptcy filing.

In summary, the court will approve the employment of Ayers & Haidt, P.A., and will authorize a post-petition lien in the Subject Property to secure counsel fees in an amount not to exceed $150,000 upon (a) turnover of the Subject Property to the debtor, (b) release of the pre-petition lien, and (c) submission of the itemization and waiver concerning the unpaid pre-petition fees.

**SO ORDERED**.

**END OF DOCUMENT**