**SO ORDERED.**

**SIGNED this 21 day of April, 2011.**

_____
                           **Stephani W. Humrickhouse**
                          **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| TP, INC. | 10-01594-8-SWH |
| DEBTOR | |

### MEMORANDUM OPINION REGARDING MOTIONS TO APPOINT TRUSTEE, CONVERT CASE, OR DISMISS AND REQUEST FOR DISBURSEMENT

Creditor Bank of America filed a motion to appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104 or, alternatively, to convert the chapter 11 case to a case under chapter 7 pursuant to § 1112. Bank of America also sought an order directing the disbursement of certain funds from the account of the debtor's former counsel. The bankruptcy administrator filed a motion seeking conversion of the case under § 1112 or, alternatively, dismissal. A hearing took place in Raleigh, North Carolina, on March 22, 2011.

In an order entered on April 2, 2011, the court denied the motions to convert or dismiss, and ordered appointment of a chapter 11 trustee. In a companion order to this memorandum opinion, the court allowed Bank of America's motion for an order authorizing disbursement of funds, though the court directs a different disposition of those funds. This memorandum opinion sets out the bases for those orders.

## STATUS OF CASE

Bank of America holds a promissory note secured by deeds of trust on numerous parcels of the debtor's real property in Pender and Onslow counties (the "Property"). In June 2009, Bank of America initiated foreclosure proceedings on the Property after the debtor defaulted under the note, owing over $16 million in principal as well as for protective advances for property taxes, insurance, and certain legal expenses, and interest at the rate of 20% per annum since July 7, 2009. At that time, Bank of America also filed an action in Pender County Superior Court against the debtor, the debtor's principal, Ronald Bryant, Mr. Bryant's wife (both were guarantors of the debt), and another company affiliated with the debtor.

The debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on March 1, 2010. The state action remains pending against the debtor. The debtor reports that in October 2010, Bank of America obtained a judgment against Mr. and Mrs. Bryant, as guarantors of the debtor, in an amount in excess of $27 million. The debtor argues that the judgment was obtained in an amount and under circumstances that indicate culpable conduct by others, and that its debt to Bank of America also was generated through this conduct.

Bank of America argues that in the course of this case the debtor has proposed but failed to confirm two plans and failed to adhere to the terms of a consent order between the debtor and Bank of America. That order, entered on February 17, 2011, lifted the automatic stay to permit Bank of America to complete state court foreclosure proceedings and directed the debtor's former counsel, David Haidt, to disburse to Bank of America the cash collateral he had been holding in his attorney trust account. Bank of America states that Mr. Bryant directed Mr. Haidt to refuse to disburse the funds. Mr. Haidt has withdrawn from this case.

In addition, Bank of America states that Mr. Bryant entered into a lease pursuant to which a tenant moved into property that is the collateral of the bank. The lease required payment of rent directly to Mr. Bryant, and Mr. Bryant testified that he received rent in the amount of $1,350.

Bank of America reported the debtor's conduct to the bankruptcy administrator, contending that the debtor's actions constituted "fraud, dishonesty, incompetence, and/or gross mismanagement of the affairs of the Debtor justifying the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(1)." Bank of America's Mot. for Order at 3 ¶12. Further, the debtor failed to keep the collateral insured and to pay property taxes, which constitutes additional bases on which to appoint a chapter 11 trustee. Bank of America moved the court for an order authorizing and directing the debtor's former counsel to release the funds, and for appointment of a chapter 11 trustee or, alternatively, conversion of the case under 11 U.S.C. § 1112.

The bankruptcy administrator filed a motion to convert the case under § 1112(b) on grounds that the debtor failed to pay its quarterly fees and does not have funds with which to do so, and also has not filed its monthly reports. The bankruptcy administrator sought conversion of the case to one under chapter 7 or, in the alternative, dismissal for cause under § 1112(b).

## DISCUSSION

During the hearing, the parties reviewed the applicable statutory language as amended by technical amendments to the Bankruptcy Code made effective on December 22, 2010, and established that the amended provisions of §§ 1104 and 1112 apply in this matter. Technical amendments to statutes apply to cases that are pending as of the effective date, as well as to cases filed thereafter. See In re Landmark Atlantic Hess Farm, LLC, 2011 Bankr. LEXIS 739 (Bankr. D.

Md. 2011) (construing <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 277 (1994) (application of amended statute to pending cases presumed unless application would have "retroactive effect")).

### A.     Conversion or Dismissal under § 1112(b)

Newly amended §§ 1112(b)(1) and (2) provide, in relevant part, as follows:

(b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause *unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate*.

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that–
    (A) there is a reasonable likelihood that a plan will be confirmed . . . ; and
    (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph 4(A)–
        (i) for which there exists a reasonable justification for the act or omission; and
        (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. §§ 1112(b)(1)-(2) (2010) (emphasis added). The directive that the court "shall" convert or dismiss in § 1112(b) is qualified: the court shall do so "unless the court determines that the appointment under section § 1104(a) of a trustee or examiner is in the best interests of the creditors and the estate."

Bank of America and the bankruptcy administrator have legitimate concerns about the acts and omissions of the debtor and Mr. Bryant. Both movants cite specific events which, they contend, constitute "cause" sufficient to support conversion or dismissal of the case under § 1112 or, according to Bank of America, the appointment of a trustee or examiner under § 1104, including:

1. the unauthorized lease of the bank's collateral, and his collection of rents for his individual benefit by Mr. Bryant;

2. the debtor's failure to keep the collateral insured;

3. the debtor's failure to pay property taxes on the collateral;

4. the debtor's failure to comply with a court order, in that the debtor ordered its counsel to refuse to comply with a turnover of funds required by a consent order prepared by Bank of America and signed by the court;

5. the debtor's failure to pay Quarterly Fees when due, and lack of funds with which to make those payments; and

6. the debtor's failure to file monthly reports as required by Local Bankruptcy Rule 4002-1(b).

The court agrees that these factors may constitute cause to convert or dismiss within the meaning of § 1112(b)(4). That subsection sets out a nonexclusive list of events that provide "cause," including "gross mismanagement" and circumstances giving rise to "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Other, more specific instances of cause include the debtor's unauthorized use of cash collateral; failure to comply with an order of the court; unexcused failure to "satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;" failure to timely pay taxes owed, and failure to pay required fees or charges, such as Quarterly Fees. See 11 U.S.C. §§ 1112(b)(4)(A) through (F), (I) and K).

Bank of America contends that based on Mr. Bryant's acts and omissions, cause exists to appoint a trustee or to convert. The bankruptcy administrator argues that these grounds support either conversion or dismissal of the case. After considering the evidence offered by the debtor, Bank of America, and the bankruptcy administrator, the court concludes that there are grounds that *could* support conversion, but conversion is not in the best interest of the creditors or the estate. The

court concludes that the bases to convert or dismiss cited by the bankruptcy administrator – the debtor's failure to timely comply with the reporting and tax requirements – do not provide sufficient cause to warrant dismissal.

Even if the movants had established grounds on which to convert or dismiss under § 1112(b), the court still could authorize appointment of a chapter 11 trustee under § 1112(b)(1) if the court determined that doing so is in the best interest of creditors and the estate. In the order entered on April 6, 2011, the court did order appointment of a trustee. The appointment, however, rests on § 1104, not § 1112.

**B.     Appointment of Trustee or Examiner Under § 1104**

Section 1104(a) establishes the circumstances in which the court shall appoint a trustee or examiner, and provides as follows:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee–
> > (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . .

11 U.S.C. § 1104(a) (2010).

Obviously, there is substantial overlap between § 1104(a)(1) and the factors determining whether the court should, under § 1112(b)(1), convert or dismiss for cause. "Section 1112 and Section 1104 read together require the court to make a finding as to what remedy is in the best interest of the creditors and the estate." In re Sydnor, 431 B.R. 584, 600 (Bankr. D. Md. 2010). As that court observed, the "distinguishing factor between converting [a case] to chapter 7 and appointing a Trustee in Chapter 11 is the expanded possibility in Chapter 11 for a trustee using

independent judgment and good management to direct the affairs of the estate[] including on-going operations (if any) in order to optimize recovery for the creditors and the estate." Sydnor, 431 B.R. at 600. In this case, independent grounds on which to appoint a trustee exist under both § 1104(a)(1) and (a)(2), and § 1112(b), and the court elected to appoint a trustee under § 1104.

Appointment of a trustee is in the best interest of the creditors and estate and will alleviate concerns about future instances of fraud, incompetence, dishonesty or gross mismanagement. The business experience of the debtor's principal, Mr. Bryant, does not range far outside the parameters of the build/rent business activities that he undertook in the earlier days of the debtor's operations, and he does not appear to perceive the significance of the reporting requirements that provide framework to, and establish milestones in, a chapter 11 case. The trustee will ensure that the necessary reports are filed and can establish whether the debtor's failure to pay required taxes is due to inadequate funds, as the bankruptcy administrator believes, or to the debtor's principal's lack of attention and care, as well as whether taxes can be paid through the plan.

The court also agrees with Bank of America, and the bankruptcy administrator, that Mr. Bryant willfully failed to comply with the consent order when he directed his attorney to refuse to turn over funds as required by the consent order. Those funds remain in the attorney trust fund account of the debtor's former counsel, Mr. Haidt. The consent order itself, and the circumstances under which it was prepared and entered, are the subject of the debtor's motion for relief from the consent order. In a separate order, the court directed Mr. Haidt to disburse the funds to the chapter 11 trustee. The trustee will hold those funds in his attorney trust account while he assesses the case and the debtor's claims against Bank of America.

The chapter 11 trustee, in consultation with the debtor's current counsel, will be able to fully evaluate the debtor's claim that its high indebtedness to Bank of America (the amount of that debt, in excess of $16 million, is the main reason the debtor cannot fund a plan) is derived from a prolonged series of unlawful and manipulative acts by Bank of America throughout the course of its business relationship with the debtor and Mr. Bryant. The debtor's allegations against Bank of America are serious ones. The appointment of a chapter 11 trustee to assess whether creditors and the estate hold legal claims of potentially substantial value is, certainly, in the best interests of the estate and those creditors.

## CONCLUSION

For the foregoing reasons, Bank of America's motion was allowed to the extent it sought appointment of a trustee and denied in all other respects. The bankruptcy administrator's motion to convert, or in the alternative to dismiss, was denied. Bank of America's motion seeking disbursement of funds was allowed, except the funds are to be disbursed to the chapter 11 trustee rather than to Bank of America.

**END OF DOCUMENT**