UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:11-CV-253-BR

| | | |
|---|---|---|
| IN RE: | ) | |
| TP, INC., | ) | |
|    Debtor | ) | |
| | ) | |
| RONALD BRYANT and | ) | ORDER |
| DEBORAH BRYANT, | ) | |
|    Appellants. | ) | |

     This matter is before the court on the *pro se* appeal of Ronald Bryant and Deborah Bryant (collectively the "Bryants") from the 4 October 2011 order of United States Bankruptcy Judge Stephani W. Humrickhouse. In that order, Judge Humrickhouse converted the case to one under Chapter 7 of the Bankruptcy Code. (DE # 5-3.) For the reasons set forth below, the bankruptcy court's decision is affirmed.

     On 1 March 2010, debtor TP, Inc. ("TP") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (DE # 3-1.) The Bryants own all the shares of TP, with Ronald Bryant serving as the corporation's President and Deborah Bryant as its Secretary. (DE # 3-2 at 36; see also DE # 5-3 ¶ 2.) Prior to the filing of the bankruptcy petition, TP was engaged primarily in the development of residential real estate in Onslow and Pender Counties. (See generally DE # 4-1.) Bank of America, N.A. ("BOA") purportedly holds a promissory note secured by deeds of trust on a number of parcels of TP's real property, with such debt apparently having been guaranteed by the Bryants. (Id. ¶ 5; DE # 5-3 ¶ 3.)

     On 22 February 2011, the Bankruptcy Administrator filed a motion to convert the case to one under Chapter 7 or, alternatively, to dismiss the case. (DE # 3-3.) On 4 March 2011, BOA filed a motion for an order appointing a Chapter 11 trustee or, in the alternative, converting the

case to a Chapter 7 proceeding. (DE # 3-6.) TP filed a response in opposition to those motions. (DE # 4-1.) After a hearing on 22 March 2011, the bankruptcy court denied the motions to convert or dismiss but allowed BOA's request for appointment of a Chapter 11 trustee. (DE # 4-6.) Thereafter, on 27 July 2011, the Chapter 11 trustee filed his report and motion to convert the case to one under Chapter 7. (DE # 5-1.) The trustee represented that TP's counsel, special counsel,[1] and the Bankruptcy Administrator did not oppose conversion to Chapter 7. (Id. ¶ 22.) The Bryants, through counsel, filed a response in opposition to the trustee's motion to convert, contending that they would be deprived "of certain opportunities to participate in the case by voting on the plan and/or proposing alternate plans." (DE # 5-2.)

On 29 September 2011, the bankruptcy court held a hearing on the motion. In ordering the conversion of the case to Chapter 7, Judge Humrickouse found in pertinent part as follows.

> 14.    The following grounds exist[] which constitute cause for the conversion of this case to Chapter 7:
>    a.    The unauthorized lease of property of the estate by the debtor-in-possession, and the collection by Mr. Ronald Bryant of the rents of such property of the estate for his individual benefit;
>    b.    The failure of the debtor-in-possession to keep its property insured;
>    c.    The failure of the debtor-in-possession to pay property taxes on its property;
>    d.    The failure of the debtor-in-possession to comply with a court order, to the extent that it instructed its counsel to refuse to comply with a turnover of funds required by the consent order entered by the Court on February 17, 2011;
>    e.    The failure of the debtor-in-possession to pay Quarterly Fees when due, and lack of funds with which to make those payments; and
>    f.    The failure of the debtor-in-possession to file monthly reports as required by Local Bankruptcy Rule 4002-1(b).
> 15.    In addition, the Trustee asserts that since the appointment of the Trustee the Debtor's president, Mr. Ronald Bryant, has

---

[1] It appears that special counsel was appointed to assist the trustee with TP's claims against BOA, filed as an adversary proceeding, No. 11-00112-8-SWH. (See DE # 5-1 ¶ 15(d); DE # 15-11.)

>continued to attempt to rent property of the estate and receive the resulting rentals for his personal benefit to the exclusion of the bankruptcy estate.
>
>16.     The Trustee has determined, and the Court finds, that an orderly liquidation of the Debtor's property under Chapter 7 would be a more efficient and preferable alternative to the continuation of this case under Chapter 11.  Proceeding under Chapter 11 to liquidate the Debtor's property would involve the substantial time and expense of the filing of monthly reports, payment of quarterly fees, and the proposal, solicitation and attempted confirmation of a plan under Chapter 11.  On the other hand, a conversion of this case to Chapter 7 would allow the Trustee to liquidate the Debtor's property under the protection of the automatic stay but without incurring this additional time and expense.
>
>. . . .
>
>18.     For the reasons set forth above, the conversion of this case to Chapter 7 would be in the best interests of creditors and the estate.

(DE # 5-3.)  It is this order from which the Bryants appeal.

Conversion of a case from Chapter 11 to Chapter 7 is governed by 11 U.S.C. § 1112(b). That statute provides in relevant part that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter [i.e., Chapter 11] to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."  11 U.S.C. § 1112(b)(1).  "Cause" includes

>(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>(B) gross mismanagement of the estate;
>(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>(E) failure to comply with an order of the court;
>(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>. . .
>(I) failure timely to pay taxes owed after the date of the order for

3

> relief or to file tax returns due after the date of the order for relief;
> . . . [and]
> (K) failure to pay any fees or charges required under chapter 123 of title 28 . . . .

Id. § 1112(b)(4).

The court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. See In re Meredith, 527 F.3d 372, 375 (4th Cir. 2008). A bankruptcy court's decision to convert a case under § 1112(b) is reviewed for abuse of discretion. See In re Superior Siding & Window, Inc., 14 F.3d 240, 242 (4th Cir. 1994) ("[T]he decision not to grant a motion to convert under 11 U.S.C. § 1112(b) is discretionary . . . .").

The Bryants do not challenge any of the bankruptcy court's findings of grounds for cause for conversion. (See DE ## 1, 3, 15, 17, 18.) At best, they contend that continuation of the case under Chapter 11 as a re-organization would be in the best interest of the estate because the development of a property in Pender County could continue and would ultimately bring in a projected $92,000 per month in income. (DE # 1 at 4-5.) Even taking this argument into consideration, one must also consider what is in the best interests of the creditors. See 11 U.S.C. § 1112(b)(1). As the bankruptcy court found, TP "has no substantial tangible assets other than its real estate" and has no employees or ongoing operations other than the rental of its real estate, which third parties are managing. (DE # 5-3 ¶ 12.) Also, the bankruptcy court found that the value of several of TP's properties exceeds certain encumbrances against the properties and that the trustee has taken steps to sell the properties for the benefit of the estate and creditors. (Id. ¶ 13.) Re-organization is simply not a viable option, in terms of the creditors' interest. The court will not disturb the bankruptcy court's determination that conversion is in the best interests of the creditors and the estate.

Finally, the court notes that the Bryants have made references to purported misconduct on the part of BOA and in their most recent filing appear to contend that others involved in this case have engaged in misconduct. (See DE ## 3, 15, 17, 18.) They also appear to request that the court certify a class. (DE # 18 at 8.) None of these issues are appropriate for consideration in the context of this appeal. Rather, the issues must be raised, if at all, in the first instance in the appropriate trial forum.

The 4 October 2011 Order of the Bankruptcy Court of the Eastern District of North Carolina is AFFIRMED.

This 23 May 2012.

                                                W. Earl Britt
                                               Senior U.S. District Judge