IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-MC-33-FL

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TP, INC., ) | |
| ) | |
|     Debtor ) | |
| _____ ) | |
| ) | |
| RONALD BRYANT, ) | ORDER |
| ) | |
|     Appellant, ) | |
| v. ) | |
| ) | |
| ALGERNON L. BUTLER, III; ) | |
| ) | |
|     Appellee. ) | |

This matter is before the court on the bankruptcy court's recommendation for dismissal of appeal dated May 9, 2013, and order allowing request to waive fees and confirming recommendation for dismissal of appeal, dated August 7, 2013. By order dated July 9, 2013, this court remanded the matter to the bankruptcy court to address in the first instance an IFP motion and amended IFP motion filed in the bankruptcy proceeding, and to consider whether the documentation filed with the amended IFP motion alters the recommendation of the bankruptcy court to dismiss the appeal. Having now received the bankruptcy court's detailed order confirming its recommendation that the appeal be dismissed, this matter is ripe for ruling.

In its order confirming recommendation that the appeal be dismissed, the bankruptcy court finds that, while appellant has addressed prior deficiencies in failing to pay the filing fee and in proof of service, appellant has not filed the necessary designation of items to be included in the

record on appeal or the statement of issues required by Federal Rule of Bankruptcy Procedure 8006, nor provided any explanation for his failure to do so.

The bankruptcy court previously has provided direction to appellant on several occasions with respect to the present notice of appeal. In an April 4, 2013, order, the bankruptcy court noted that it had on March 27, 2013, accepted papers submitted via facsimile as effectively constituting a notice of appeal of the bankruptcy court's order of sale dated March 6, 2013. The bankruptcy court issued deficiency notices on March 27, 2013, regarding failure to remit filing fee and certificate of service, and noting additional requirements for perfecting an appeal, including provision of designation of record and statement of issues on appeal. On May 9, 2013, the bankruptcy court filed its first recommendation for dismissal of appeal, finding that appellant had failed to (1) file a certificate of service as to the notice of appeal, (2) remit the filing fee, and (3) file a designation of items to be included in the record on appeal and statement of issues.

On May 14 and 15, 2013, appellant filed in the bankruptcy court an IFP motion and amended IFP motion, which included several handwritten and previously-faxed documents. On July 7, 2009, this court entered a text order remanding the matter to the bankruptcy court to address in the first instance the IFP motion and amended IFP motion and to consider whether the documentation filed with the amended IFP motion alters the recommendation of the bankruptcy court or the basis upon which the recommendation is made. On July 15, 2013, appellant filed further documentation in the bankruptcy court, including handwritten and previously-faxed documents, and a March 22, 2010 deficiency notice of the bankruptcy court related to two motions docketed in the bankruptcy court at docket entries 476 and 484 (motion to remove trustee and amended motion related thereto).

In its most recent order, filed in the bankruptcy court on August 7, 2013, the bankruptcy

court notes that it has accepted appellant's IFP filings as justification for allowing appellant to appeal in forma pauperis and as proof of service of the notice of appeal. (Order Confirming Recommendation at 3-5). The bankruptcy court notes, however, the appellant's filings to date include copies of previously filed documents, most of which include multiple fax dates, and the "goal of some of these filings is exceedingly difficult" to discern. (Id. at 3). The bankruptcy court reiterates in its order that appellant has not filed a designation of items to be included in the record or statement of issues required by Rule 8006, nor provided any explanation for his failure to do so. (Id. at 5). The bankruptcy court observes that it had notified appellant that these items were required by order dated March 27, 2013, and in its first recommendation of dismissal filed May 9, 2013. (Id. at 6). The bankruptcy court reiterates the importance of these items, and it notes that appellant has not filed, or attempted to file, these items, nor explained why such items have not been filed.

As of this date, appellant has not made any further filings. Appellant has been given notice of the requirements to prosecute his appeal and ample time to comply with those requirements but has failed to do so. The court finds on this basis that appellant has acted negligently in delaying in providing these important materials required for permitting the appeal to go forward. Appellant has had notice and opportunity to explain the delay, but has not done so. Further, the delay has prejudiced other parties that may be interested in this appeal, as noted by the bankruptcy court, in that the designation of items and statement of issues "facilitate joinder of issues by the opposing side." (Id. at 6). Without these documents, appellant's appeal "cannot begin to even take shape, much less proceed in an efficient and fair way," nor "could the appeal even be reviewed with an eye toward deciding that it is not frivolous, such that transcript fees could be waived." (Id.). Given the bankruptcy court's extended and repeated efforts to allow appellant to correct deficiencies

previously noted, and the difficulty in discerning the nature of documents filed previously, a sanction short of dismissal is not warranted. See In re SPR Corp., 45 F.3d 70, 73 (4th Cir. 1995); In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992).

In sum, based on the foregoing, the court adopts as its own the recommendation of the bankruptcy court, and this appeal is hereby DISMISSED for failure to prosecute pursuant to this court's authority under Federal Rule of Bankruptcy Procedure 8001(a).

SO ORDERED, this the 23rd day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge